# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>Five United States Postal Service parcels intercepted at the Venice Main Post Office on April 13, 2020 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  2:20-MJ-01675

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

> *See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

> *See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 841 | Distribution of a Controlled Substance |
| 18 U.S.C. § 843(b) | Unlawful Use of a Communication Facility |

The application is based on these facts:

> *See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of_____days (*give exact ending date if more than 30 days*:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

<br>

Rex Castro
_____
*Applicant's signature*

Rex Castro, USPIS Postal Inspector
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: <u>Los Angeles, California</u>

Hon. Jean P. Rosenbluth, U.S. Magistrate Judge
*Printed name and title*

AUSA: David R. Friedman x7418

## ATTACHMENT A

PARCEL TO BE SEARCHED

    **A.   SUBJECT PARCEL 1**

    A United States Postal Service Priority Mail parcel bearing label number 9405 5102 0206 1072 9651 34, weighing approximately 5 pounds, postmarked on April 8, 2020 in Westbury, New York, and which bears a typed address label with the following recipient information: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410;" and with the following sender address information: "Mandy Bruce, 339 POWELLS LN WESTBURY NY 11590-3459."

    **B.   SUBJECT PARCEL 2**

    A United States Postal Service Priority Mail parcel bearing label number 9405 5102 0206 1071 9913 49, weighing approximately 5 pounds, postmarked on April 7, 2020, in Wake Forest, North Carolina, and which bears a typed address label with the following recipient information: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410;" and with the following sender address information: "John Monaghan, 1621 SILO RIDGE DR WAKE FOREST NC 27587-6423."

    **C.   SUBJECT PARCEL 3**

    A United States Postal Service Priority Mail parcel bearing label number 9405 5102 0206 1072 9081 24, weighing approximately 5 pounds, postmarked on April 8, 2020, in Westerville, Ohio, and which bears a typed address label with the following recipient information: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410;" and with the following sender address

information: "Duane Neff, 5370 CAMBRIA WAY WETERVILLE OH 43081-4875."

**D.    SUBJECT PARCEL 4**

A United States Postal Service Priority Mail parcel bearing label number 9405 5102 0206 1070 4372 99, weighing approximately 5 pounds, postmarked on April 5, 2020, in Selden, New York, and which bears a typed address label with the following recipient information: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410;" and with the following sender address information: "gurbuz tashan, 18 COLLEGE RD SELDEN NY 11784."

**E.    SUBJECT PARCEL 5**

A United States Postal Service Priority Mail Express parcel bearing label number 9405 5102 0206 1071 9927 97, weighing approximately 5 pounds, postmarked on April 7, 2020, in Jacksonville, Florida, and which bears a typed address label with the following recipient information: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410;" and with the following sender address information: "aysegul guleryuz, 7681 FAWN LAKE DR S JACKSONVILLE FL 32256-3690."

## **ATTACHMENT B**

<u>ITEMS TO BE SEIZED</u>

The following items are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

        a.   Any controlled substances;

        b.   Records, receipts, pay-owe sheets, or similar documents related to drug trafficking;

        c.   Currency, money orders, bank checks, or similar monetary instruments; and

        d.   Packaging material.

## AFFIDAVIT

I, Rex Castro, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of an application for a search warrant for five parcels (the "SUBJECT PARCELS") shipped through the United States Postal Service ("USPS").  The SUBJECT PARCELS are currently in the custody of the United States Postal Inspection Service ("USPIS"), as described more fully in in Attachment A, which is incorporated by reference. The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described more fully in Attachment B, which is also incorporated by reference.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. <u>BACKGROUND FOR POSTAL INSPECTOR REX CASTRO</u>

3.    I am a Postal Inspector with USPIS and have been so employed since August 2019.  I have completed a fourteen week basic training course in Potomac, Maryland, which included training in the investigation of drug trafficking via the U.S. Mail.  I am currently assigned to the USPIS Los Angeles Division, Contraband Interdiction and Investigations ("CI2") team.  The CI2 team is responsible for investigating narcotics trafficked through the U.S. Mail.

## III. <u>SUMMARY OF PROBABLE CAUSE FOR SUBJECT PARCELS</u>

4.    Since the beginning of 2020, Postal Inspector Jonathan Dunham ("Inspector Dunham") from the Boston Division of USPIS has been investigating individuals in the New England area who are engaged in narcotics trafficking using the U.S. Mail. Through that investigation, Inspector Dunham learned that Dajuan Williams ("WILLIAMS"), who lives in Playa Del Rey, California, may be engaged in narcotics trafficking.

5.    On April 13, 2020, I received a notification from Inspector Dunham that five parcels addressed to WILLIAMS -- the SUBJECT PARCELS -- had recently been placed in the U.S. Mail. I was able to intercept the SUBJECT PARCELS at the Venice Main Post Office before they reached WILLIAMS.

6.    On April 13, 2020, a trained drug-detecting dog alerted to all of the SUBJECT PARCELS for the presence of drugs or other items, such as the proceeds of drug sales, which have been contaminated by drugs.

2

## IV. <u>STATEMENT OF PROBABLE CAUSE</u>

**A.    Background**

7.    Based on my training and experience as a Postal Inspector, and the experiences related to me by fellow Postal Inspectors who specialize in drug investigations, I know the following:

a.    The Los Angeles area is a major supplier of drugs for the rest of the country.  As a result, drugs are frequently transported both to and from Los Angeles through the U.S. Mail, and the proceeds from drug sales are frequently returned to Los Angeles through the U.S. mail.

b.    Drug distributors often use USPS's Priority Mail Express delivery service, which is USPS's overnight/next-day delivery mail product, or USPS's Priority Mail Service, which is USPS's two-to-three day delivery mail product.  Drug distributors use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the parcel's progress to delivery.  Drug distributors use the Priority Mail delivery service because it provides distributors more time for travel between states if they decide to follow their shipments to their destination.  Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers have the ability to track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Express Service.

c.   There are several other indicia that may suggest a parcel contains drugs or drug distribution proceeds, including:

i.   The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

ii.   The parcel bears a typed label, whether USPS Express Mail or Priority Mail;

iii. The typed label on the parcel does not contain a business account number;

iv.   The seams of the parcel are all taped or glued shut;

v.   The parcel emits an odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

vi.   Multiple parcels are mailed by the same individual, on the same day, from different locations.

d.   Parcels exhibiting such indicia are generally the subject of further investigation, which may include verification of the addressee and return addresses.

e.   Drug traffickers often use fictitious or incomplete names and addresses in an effort to conceal their identities from law enforcement officers.  To the extent that real addresses are ever used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

**B.    The SUBJECT PARCELS Are Intercepted at the Venice Main Post Office**

8.    Inspector Dunham is a Postal Inspector stationed in the Boston Division of USPIS.  Since the beginning of 2020 Inspector Dunham has been investigating individuals in the New England area who are engaged in narcotics trafficking using the U.S. Mail.

9.    Through that investigation, Inspector Dunham learned that WILLIAMS may be engaged in narcotics trafficking. Inspector Dunham consulted postal databases and determined that WILLIAMS lives in Playa Del Rey, California.

10.  As part of his ongoing investigation, Inspector Dunham began to monitor postal databases for parcels being shipped to WILLIAMS.  In April 2020, Inspector Dunham determined that five parcels addressed to WILLIAMS -- the SUBJECT PARCELS -- had been placed in the U.S. Mail and were being shipped to an address associated with WILLIAMS in Playa Del Rey, California.

11.  On April 13, 2020, Inspector Dunham notified me about the SUBJECT PARCELS and the potential involvement of WILLIAMS in narcotics trafficking.

12.   I was able to intercept the SUBJECT PARCELS at the Venice Main Post Office, located at 313 Grand Boulevard, Venice, California, 90291, before they reached WILLIAMS.

**C.    The SUBJECT PARCELS All Have Indicia of Drug Activity**

13.  On April 13, 2020, I performed a visual inspection of the SUBJECT PARCELS at the Venice Main Post Office.

14.   All of these parcels had common indicia suggesting they contained drugs or drug proceeds.

**1.   SUBJECT PARCEL 1 Has Indicia of Drug Activity**

15.   SUBJECT PARCEL 1 is a cardboard box shipped using USPS Priority Mail.

16.   During my inspection, I noticed that SUBJECT PARCEL 1 had the following indicia of drug activity:

a.   The sender and recipient information were written using a typed label, which is a common method drug traffickers use to disguise their handwriting in order to elude law enforcement;

b.   SUBJECT PARCEL 1 was mailed using the Priority Mail service with no business account number; and

c.   The postage was paid utilizing the third party service Poshmark.  Drug traffickers often use third party services to pay for postage because it allows them to avoid buying postage directly from USPS.

17.   On April 13, 2020, I searched the CLEAR[1] database using the sender name and sender address listed on SUBJECT PARCEL 1: "Mandy Bruce, 339 POWELLS LN WESTBURY NY 11590-3459."[2]  The CLEAR search indicated that the name "Mandy Bruce" was not associated with the sender address listed on SUBJECT PARCEL 1.

---

[1] CLEAR is a public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

[2] Spelling and capitalization are reproduced herein as on each SUBJECT PARCEL.

18.   I also searched the CLEAR database using the recipient address listed on SUBJECT PARCEL 1: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410." The CLEAR search indicated that the name "Dajuan Williams" was associated with the recipient address listed on SUBJECT PARCEL 1.

**2.   SUBJECT PARCEL 2 Has Indicia of Drug Activity**

19.   SUBJECT PARCEL 2 is a cardboard box shipped using USPS Priority Mail.

20.   During my inspection, I noticed that SUBJECT PARCEL 2 had the following indicia of drug activity:

a.   The sender and recipient information were written using a typed label, which is a common method drug traffickers utilize to disguise their handwriting in order to elude law enforcement;

b.   SUBJECT PARCEL 2 was mailed using the Priority Mail service with no business account number;

c.   The postage was paid utilizing the third party service Poshmark. Drug traffickers often use third party services to pay for postage because it allows them to avoid buying postage directly from USPS; and

d.   The seams of SUBJECT PARCEL 2 are taped shut.

21.   On April 13, 2020, I searched the CLEAR database using the sender name and sender address listed on SUBJECT PARCEL 2: "John Monaghan, 1621 SILO RIDGE DR WAKE FOREST NC 27587-6423." The CLEAR search indicated that the name "John Monaghan" was associated with the sender address listed on SUBJECT PARCEL 2.

22.  I searched the CLEAR database using the recipient address listed on SUBJECT PARCEL 2: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410."  The CLEAR search indicated that the name "Dajuan Williams" was associated with the recipient address listed on SUBJECT PARCEL 2.

> **3.  SUBJECT PARCEL 3 Has Indicia of Drug Activity**

23.  SUBJECT PARCEL 3 is a Tyvek envelope shipped using USPS Priority Mail.

24.  During my inspection, I noticed that SUBJECT PARCEL 3 had the following indicia of drug activity:

a.  The sender and recipient information were written using a typed label which, is a common method drug traffickers utilize to disguise their handwriting in order to elude law enforcement;

b.  SUBJECT PARCEL 3 was mailed using the Priority Mail service with no business account number; and

c.  The postage was paid utilizing the third party service Poshmark.  Drug traffickers often use third party services to pay for postage because it allows them to avoid buying postage directly from USPS.

25.  On April 13, 2020, I searched the CLEAR database using the sender name and sender address listed on SUBJECT PARCEL 3: "Duane Neff, 5370 CAMBRIA WAY WESTERVILLE OH 43081-4875."  The CLEAR search found that the name "Duane Neff" was associated with the sender address listed on SUBJECT PARCEL 3.

26.  I searched the CLEAR database using the recipient address listed on SUBJECT PARCEL 3: "Dajuan Williams, 7742

REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410." The CLEAR search indicated that the name "Dajuan Williams" was associated with the recipient address listed on SUBJECT PARCEL 3.

    **4. SUBJECT PARCEL 4 Has Indicia of Drug Activity**

  27. SUBJECT PARCEL 4 is a Tyvek envelope shipped using USPS Priority Mail.

  28. During my inspection, I noticed that SUBJECT PARCEL 4 had the following indicia of drug activity:

    a. The sender and recipient information were written using a typed label, which is a common method drug traffickers utilize to disguise their handwriting in order to elude law enforcement;

    b. SUBJECT PARCEL 4 was mailed using the Priority Mail service with no business account number; and

    c. The postage was paid utilizing the third party service Poshmark. Drug traffickers often use third party services to pay for postage because it allows them to avoid buying postage directly from USPS.

  29. On April 13, 2020, I searched the CLEAR database using the sender name and sender address listed on SUBJECT PARCEL 4: "gurbuz tashan, 18 COLLEGE RD SELDEN NY 11784." The CLEAR search indicated that the name "gurbuz tashan" was not associated with the sender address listed on SUBJECT PARCEL 4.

  30. I searched the CLEAR database using the recipient address listed on SUBJECT PARCEL 4: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410." The CLEAR

search indicated that the name "Dajuan Williams" was associated with the recipient address listed on SUBJECT PARCEL 4.

       **5.   SUBJECT PARCEL 5 Has Indicia of Drug Activity**

31.   SUBJECT PARCEL 5 is a Tyvek envelope shipped using USPS Priority Mail.

32.   During my inspection, I noticed that SUBJECT PARCEL 5 had the following indicia of drug activity:

      a.   The sender and recipient information were written using a typed label, which is a common method drug traffickers utilize to disguise their handwriting in order to elude law enforcement;

      b.   SUBJECT PARCEL 5 was mailed using the Priority Mail service with no business account number; and

      c.   The postage was paid utilizing the third party service Poshmark.  Drug traffickers often use third party services to pay for postage because it allows them to avoid buying postage directly from USPS.

33.   On April 13, 2020, I searched the CLEAR database using the sender name and sender address listed on SUBJECT PARCEL 5: "aysegul guleryuz, 7681 FAWN LAKE DR S JACKSONVILLE FL 32256-3690."  The CLEAR search indicated that the name "aysegul guleryuz" was not associated with the sender address listed on SUBJECT PARCEL 5.

34.   I searched the CLEAR database using the recipient address listed on SUBJECT PARCEL 5: "Dajuan Williams, 7742 REDLANDS ST UNIT D3042 PLAYA DEL REY CA 90293-7410."  The CLEAR

search indicated that the name "Dajuan Williams" was associated with the recipient address listed on Subject Parcel 5.

**D.   Positive Drug-Detection Dog Hits on the SUBJECT PARCELS**

35.   Later on April 13, 2020, I asked LAPD Officer Hillary Del Rio and her trained drug-detection dog, "Cooper," to examine the exterior of each of the SUBJECT PARCELS.

36.   I was present when Officer Del Rio and Cooper examined each of the SUBJECT PARCELS.  Officer Del Rio told me that Cooper positively alerted to each of the SUBJECT PARCELS, indicating the presence of drugs or other items, such as the proceeds from the sale of drugs, that have been recently contaminated by or associated with the odor of drugs.

37.   Following the examination of the packages, Officer Del Rio completed affidavits that (a) describe her training and experience with drug-detection dogs; (b) affirm that Cooper is a certified drug-detection dog; and (c) confirm that Cooper alerted to the scent of narcotics from each of the SUBJECT PARCELS.  These affidavits are all attached, and incorporated by reference, as follows:

        a.   Exhibit 1 confirms that Cooper alerted to SUBJECT PACKAGE 1;

        b.   Exhibit 2 confirms that Cooper alerted to SUBJECT PACKAGE 2;

        c.   Exhibit 3 confirms that Cooper alerted to SUBJECT PACKAGE 3;

       d.    Exhibit 4 confirms that Cooper alerted to SUBJECT PACKAGE 4; and

       e.    Exhibit 5 confirms that Cooper alerted to SUBJECT PACKAGE 5.

## V.  CONCLUSION

38.  For all the reasons above, there is probable cause to believe that the SUBJECT PARCELS, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described in Attachment B.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this _____ day of
April, 2020.


_____
HONORABLE JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

Exhibit 1

EXHIBIT 1

1    Your Affiant, Hillary Del Rio, Serial No. 39705, has been a Los Angeles Police (LAPD)

2  Officer since 2008, and is currently assigned to Gang and Narcotic Division, K-9 Squad. Your

3  Affiant has attended classes, seminars, training lectures and received on the job training in the

4  field of narcotics given by narcotics experts. These experts conduct narcotic enforcement

5  investigations and are from varied agencies that include: the LAPD; the U.S. Drug Enforcement

6  Administration; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Federal Bureau

7  of Investigation and other law enforcement agencies. Your Affiant completed a 40-Hour

8  Narcotics Awareness course in the LAPD Academy. The awareness course covered topics such

9  as narcotics sales, packaging, transportation and usage of narcotics. Additionally, your Affiant

10  completed the California POST Certification for the 11550 H&S - Under the Influence of a

11  Controlled Substance Course. Your Affiant has been involved in over 100 narcotic related arrests

12  and investigations and has interviewed over 100 narcotic users and sellers on the methods of use,

13  sales, packaging and transportation of narcotics. Your Affiant has worked with and is currently

14  working under the direction of senior narcotic officers and tenured certified K9 narcotic

15  detection handlers. Your Affiant has read training bulletins provided by the LAPD in addition to

16  publications from other agencies related to narcotic investigations and detection.

17    On June 6, 2017, your affiant assumed responsibility of K9-Cooper, K9 #302, an LAPD

18  narcotic detection canine. Your Affiant's responsibilities consist of the care, training and

19  handling of the K-9. K-9 Cooper has received over 460 hours of training, during which time he

20  has successfully located over 1,500 training aids, consisting of actual narcotics. These narcotics

21  include heroin, cocaine, marijuana, and methamphetamine. As such, K-9 Cooper will positively

22  alert to the scent of heroin, cocaine, marijuana, and methamphetamine. K9-Cooper's alert

23    consists of physical and behavioral reactions, which include a heightened emotional state and

24    possessive behavior in combination with focusing on the source of the scent.

25            The Los Angeles Police Department and the National Police Canine Association (NPCA)

26    have certified K-9 Cooper and your Affiant as a Narcotics Detection Team for use as of

27    June 6, 2017. The most current NPCA certification was obtained April 30, 2019. K-9 Cooper and

28    your Affiant have also been certified as a Narcotics Detection Team by the California Narcotic

29    Canine Association (CNCA). The most current CNCA certification was obtained September 23,

30    2019. K9-Cooper has been successfully used in over 65 investigations in which controlled

31    substances have been located. K9-Cooper is responsible for the seizure of over 60 kg of

32    methamphetamine, over 24 kg of heroin, over 50 kg of cocaine and over 80 lbs. of marijuana.

33            On April 13, 2020 at 1350 hours, your Affiant responded to a request for a parcel sniff at

34    1055 N. Vignes Street (USPS Alameda Carrier Annex). K9-Cooper conducted a sniff of a parcel

35    (white Priority Mail box with return address of: 339 Powells LN, Westbury, NY 11590-3459)

36    with tracking #9405 5102 0206 1072 9651 34). K9-Cooper alerted to the presence of narcotic

37    odor on the above referenced parcel.

38            I, Officer Hillary Del Rio, declare under penalty of perjury that all the above is true and

39    correct to the best of my knowledge and belief, and that this affidavit was executed on

40    April 13, 2020 at 1415 hours, in the County of Los Angeles, California.

41

42    _H. S. Del Rio_ #39705 4/13/20

43    Police Officer Hillary Del Rio, Serial No. 39705

Exhibit 2

v

EXHIBIT 2

1        Your Affiant, Hillary Del Rio, Serial No. 39705, has been a Los Angeles Police (LAPD)

2    Officer since 2008, and is currently assigned to Gang and Narcotic Division, K-9 Squad. Your

3    Affiant has attended classes, seminars, training lectures and received on the job training in the

4    field of narcotics given by narcotics experts. These experts conduct narcotic enforcement

5    investigations and are from varied agencies that include: the LAPD; the U.S. Drug Enforcement

6    Administration; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Federal Bureau

7    of Investigation and other law enforcement agencies. Your Affiant completed a 40-Hour

8    Narcotics Awareness course in the LAPD Academy. The awareness course covered topics such

9    as narcotics sales, packaging, transportation and usage of narcotics. Additionally, your Affiant

10   completed the California POST Certification for the 11550 H&S - Under the Influence of a

11   Controlled Substance Course. Your Affiant has been involved in over 100 narcotic related arrests

12   and investigations and has interviewed over 100 narcotic users and sellers on the methods of use,

13   sales, packaging and transportation of narcotics. Your Affiant has worked with and is currently

14   working under the direction of senior narcotic officers and tenured certified K9 narcotic

15   detection handlers. Your Affiant has read training bulletins provided by the LAPD in addition to

16   publications from other agencies related to narcotic investigations and detection.

17       On June 6, 2017, your affiant assumed responsibility of K9-Cooper, K9 #302, an LAPD

18   narcotic detection canine. Your Affiant's responsibilities consist of the care, training and

19   handling of the K-9. K-9 Cooper has received over 460 hours of training, during which time he

20   has successfully located over 1,500 training aids, consisting of actual narcotics. These narcotics

21   include heroin, cocaine, marijuana, and methamphetamine. As such, K-9 Cooper will positively

22   alert to the scent of heroin, cocaine, marijuana, and methamphetamine. K9-Cooper's alert

23   consists of physical and behavioral reactions, which include a heightened emotional state and

24   possessive behavior in combination with focusing on the source of the scent.

25       The Los Angeles Police Department and the National Police Canine Association (NPCA)

26   have certified K-9 Cooper and your Affiant as a Narcotics Detection Team for use as of

27   June 6, 2017. The most current NPCA certification was obtained April 30, 2019. K-9 Cooper and

28   your Affiant have also been certified as a Narcotics Detection Team by the California Narcotic

29   Canine Association (CNCA). The most current CNCA certification was obtained September 23,

30   2019. K9-Cooper has been successfully used in over 65 investigations in which controlled

31   substances have been located. K9-Cooper is responsible for the seizure of over 60 kg of

32   methamphetamine, over 24 kg of heroin, over 50 kg of cocaine and over 80 lbs. of marijuana.

33       On April 13, 2020 at 1320 hours, your Affiant responded to a request for a parcel sniff at

34   1055 N. Vignes Street (USPS Alameda Carrier Annex). K9-Cooper conducted a sniff of a parcel

35   (white Priority Mail box) with tracking #9405 5102 0206 1071 9913 49. K9-Cooper alerted to

36   the presence of narcotic odor on the above referenced parcel.

37       I, Officer Hillary Del Rio, declare under penalty of perjury that all the above is true and

38   correct to the best of my knowledge and belief, and that this affidavit was executed on

39   April 13, 2020 at 1400 hours, in the County of Los Angeles, California.

40

41   _Hillary Del Rio #39705 4/13/20_

42   Police Officer Hillary Del Rio, Serial No. 39705

Exhibit 3

EXHIBIT 3

1    Your Affiant, Hillary Del Rio, Serial No. 39705, has been a Los Angeles Police (LAPD)

2    Officer since 2008, and is currently assigned to Gang and Narcotic Division, K-9 Squad. Your

3    Affiant has attended classes, seminars, training lectures and received on the job training in the

4    field of narcotics given by narcotics experts. These experts conduct narcotic enforcement

5    investigations and are from varied agencies that include: the LAPD; the U.S. Drug Enforcement

6    Administration; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Federal Bureau

7    of Investigation and other law enforcement agencies. Your Affiant completed a 40-Hour

8    Narcotics Awareness course in the LAPD Academy. The awareness course covered topics such

9    as narcotics sales, packaging, transportation and usage of narcotics. Additionally, your Affiant

10   completed the California POST Certification for the 11550 H&S - Under the Influence of a

11   Controlled Substance Course. Your Affiant has been involved in over 100 narcotic related arrests

12   and investigations and has interviewed over 100 narcotic users and sellers on the methods of use,

13   sales, packaging and transportation of narcotics. Your Affiant has worked with and is currently

14   working under the direction of senior narcotic officers and tenured certified K9 narcotic

15   detection handlers. Your Affiant has read training bulletins provided by the LAPD in addition to

16   publications from other agencies related to narcotic investigations and detection.

17        On June 6, 2017, your affiant assumed responsibility of K9-Cooper, K9 #302, an LAPD

18   narcotic detection canine. Your Affiant's responsibilities consist of the care, training and

19   handling of the K-9. K-9 Cooper has received over 460 hours of training, during which time he

20   has successfully located over 1,500 training aids, consisting of actual narcotics. These narcotics

21   include heroin, cocaine, marijuana, and methamphetamine. As such, K-9 Cooper will positively

22   alert to the scent of heroin, cocaine, marijuana, and methamphetamine. K9-Cooper's alert

23    consists of physical and behavioral reactions, which include a heightened emotional state and

24    possessive behavior in combination with focusing on the source of the scent.

25         The Los Angeles Police Department and the National Police Canine Association (NPCA)

26    have certified K-9 Cooper and your Affiant as a Narcotics Detection Team for use as of

27    June 6, 2017. The most current NPCA certification was obtained April 30, 2019. K-9 Cooper and

28    your Affiant have also been certified as a Narcotics Detection Team by the California Narcotic

29    Canine Association (CNCA). The most current CNCA certification was obtained September 23,

30    2019. K9-Cooper has been successfully used in over 65 investigations in which controlled

31    substances have been located. K9-Cooper is responsible for the seizure of over 60 kg of

32    methamphetamine, over 24 kg of heroin, over 50 kg of cocaine and over 80 lbs. of marijuana.

33         On April 13, 2020 at 1330 hours, your Affiant responded to a request for a parcel sniff at

34    1055 N. Vignes Street (USPS Alameda Carrier Annex). K9-Cooper conducted a sniff of a parcel

35    (brown paper bag with Priority Mail tape) with tracking #9405 5102 0206 1072 9081 24. K9-

36    Cooper alerted to the presence of narcotic odor on the above referenced parcel.

37         I, Officer Hillary Del Rio, declare under penalty of perjury that all the above is true and

38    correct to the best of my knowledge and belief, and that this affidavit was executed on

39    April 13, 2020 at 1405 hours, in the County of Los Angeles, California.

40

41    _H S Del Rio_ #39705  4/13/20

42    Police Officer Hillary Del Rio, Serial No. 39705

Exhibit 4

1       Your Affiant, Hillary Del Rio, Serial No. 39705, has been a Los Angeles Police (LAPD)

2    Officer since 2008, and is currently assigned to Gang and Narcotic Division, K-9 Squad. Your

3    Affiant has attended classes, seminars, training lectures and received on the job training in the

4    field of narcotics given by narcotics experts. These experts conduct narcotic enforcement

5    investigations and are from varied agencies that include: the LAPD; the U.S. Drug Enforcement

6    Administration; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Federal Bureau

7    of Investigation and other law enforcement agencies. Your Affiant completed a 40-Hour

8    Narcotics Awareness course in the LAPD Academy. The awareness course covered topics such

9    as narcotics sales, packaging, transportation and usage of narcotics. Additionally, your Affiant

10   completed the California POST Certification for the 11550 H&S - Under the Influence of a

11   Controlled Substance Course. Your Affiant has been involved in over 100 narcotic related arrests

12   and investigations and has interviewed over 100 narcotic users and sellers on the methods of use,

13   sales, packaging and transportation of narcotics. Your Affiant has worked with and is currently

14   working under the direction of senior narcotic officers and tenured certified K9 narcotic

15   detection handlers. Your Affiant has read training bulletins provided by the LAPD in addition to

16   publications from other agencies related to narcotic investigations and detection.

17       On June 6, 2017, your affiant assumed responsibility of K9-Cooper, K9 #302, an LAPD

18   narcotic detection canine. Your Affiant's responsibilities consist of the care, training and

19   handling of the K-9. K-9 Cooper has received over 460 hours of training, during which time he

20   has successfully located over 1,500 training aids, consisting of actual narcotics. These narcotics

21   include heroin, cocaine, marijuana, and methamphetamine. As such, K-9 Cooper will positively

22   alert to the scent of heroin, cocaine, marijuana, and methamphetamine. K9-Cooper's alert

23    consists of physical and behavioral reactions, which include a heightened emotional state and

24    possessive behavior in combination with focusing on the source of the scent.

25            The Los Angeles Police Department and the National Police Canine Association (NPCA)

26    have certified K-9 Cooper and your Affiant as a Narcotics Detection Team for use as of

27    June 6, 2017. The most current NPCA certification was obtained April 30, 2019. K-9 Cooper and

28    your Affiant have also been certified as a Narcotics Detection Team by the California Narcotic

29    Canine Association (CNCA). The most current CNCA certification was obtained September 23,

30    2019. K9-Cooper has been successfully used in over 65 investigations in which controlled

31    substances have been located. K9-Cooper is responsible for the seizure of over 60 kg of

32    methamphetamine, over 24 kg of heroin, over 50 kg of cocaine and over 80 lbs. of marijuana.

33            On April 13, 2020 at 1340 hours, your Affiant responded to a request for a parcel sniff at

34    1055 N. Vignes Street (USPS Alameda Carrier Annex). K9-Cooper conducted a sniff of a parcel

35    (black plastic bag) with tracking #9405 5102 0206 1070 4372 99. K9-Cooper alerted to the

36    presence of narcotic odor on the above referenced parcel.

37            I, Officer Hillary Del Rio, declare under penalty of perjury that all the above is true and

38    correct to the best of my knowledge and belief, and that this affidavit was executed on

39    April 13, 2020 at 1410 hours, in the County of Los Angeles, California.

40

41    _#39705 4/13/20_

42    Police Officer Hillary Del Rio, Serial No. 39705

Exhibit 5

1       Your Affiant, Hillary Del Rio, Serial No. 39705, has been a Los Angeles Police (LAPD)

2   Officer since 2008, and is currently assigned to Gang and Narcotic Division, K-9 Squad. Your

3   Affiant has attended classes, seminars, training lectures and received on the job training in the

4   field of narcotics given by narcotics experts. These experts conduct narcotic enforcement

5   investigations and are from varied agencies that include: the LAPD; the U.S. Drug Enforcement

6   Administration; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the Federal Bureau

7   of Investigation and other law enforcement agencies. Your Affiant completed a 40-Hour

8   Narcotics Awareness course in the LAPD Academy. The awareness course covered topics such

9   as narcotics sales, packaging, transportation and usage of narcotics. Additionally, your Affiant

10  completed the California POST Certification for the 11550 H&S - Under the Influence of a

11  Controlled Substance Course. Your Affiant has been involved in over 100 narcotic related arrests

12  and investigations and has interviewed over 100 narcotic users and sellers on the methods of use,

13  sales, packaging and transportation of narcotics. Your Affiant has worked with and is currently

14  working under the direction of senior narcotic officers and tenured certified K9 narcotic

15  detection handlers. Your Affiant has read training bulletins provided by the LAPD in addition to

16  publications from other agencies related to narcotic investigations and detection.

17      On June 6, 2017, your affiant assumed responsibility of K9-Cooper, K9 #302, an LAPD

18  narcotic detection canine. Your Affiant's responsibilities consist of the care, training and

19  handling of the K-9. K-9 Cooper has received over 460 hours of training, during which time he

20  has successfully located over 1,500 training aids, consisting of actual narcotics. These narcotics

21  include heroin, cocaine, marijuana, and methamphetamine. As such, K-9 Cooper will positively

22  alert to the scent of heroin, cocaine, marijuana, and methamphetamine. K9-Cooper's alert

23   consists of physical and behavioral reactions, which include a heightened emotional state and

24   possessive behavior in combination with focusing on the source of the scent.

25        The Los Angeles Police Department and the National Police Canine Association (NPCA)

26   have certified K-9 Cooper and your Affiant as a Narcotics Detection Team for use as of

27   June 6, 2017. The most current NPCA certification was obtained April 30, 2019. K-9 Cooper and

28   your Affiant have also been certified as a Narcotics Detection Team by the California Narcotic

29   Canine Association (CNCA). The most current CNCA certification was obtained September 23,

30   2019. K9-Cooper has been successfully used in over 65 investigations in which controlled

31   substances have been located. K9-Cooper is responsible for the seizure of over 60 kg of

32   methamphetamine, over 24 kg of heroin, over 50 kg of cocaine and over 80 lbs. of marijuana.

33        On April 13, 2020 at 1310 hours, your Affiant responded to a request for a parcel sniff at

34   1055 N. Vignes Street (USPS Alameda Carrier Annex). K9-Cooper conducted a sniff of a parcel

35   (black plastic bag) with tracking #9405 5102 0206 1071 9927 97. K9-Cooper alerted to the

36   presence of narcotic odor on the above referenced parcel.

37        I, Officer Hillary Del Rio, declare under penalty of perjury that all the above is true and

38   correct to the best of my knowledge and belief, and that this affidavit was executed on

39   April 13, 2020 at 1355 hours, in the County of Los Angeles, California.

40

41   _H. Del Rio #39705  4/13/20_____

42   Police Officer Hillary Del Rio, Serial No. 39705